HARDING, Chief Justice,
concurring in result only.
I concur in result only for reasons stated in my concurring in result only opinion in Carmichael v. State, 715 So.2d at 249. Due to the trial court’s failure to inquire as to whether Williams’ waiver was knowing, voluntary, and intelligent, I would find that a Coney error occurred in the present case. However, I find the error to be harmless. The record reflects in the present case that during the sidebar for which juror challenges were exercised, counsel for Williams stated that he had discussed with Williams his right to be present at sidebar and that Williams waived this right. Thus, despite the error, the record is clear that Williams was aware of his right to be present.
I question that portion of the majority opinion which states, “Had the waiver been ambiguous-i.e., had it been vague or equiv *638 ocal-further .inquiry would have been required under Coney.” In Carmichael, the majority held that defendants are procedurally barred from raising Coney errors on direct appeal absent a contemporaneous objection. Combining the reasoning in Carmichael with the above-quoted language, this Court has devised a procedure whereby defendants who were aware of their Coney rights, but ineffectively waived them, will receive more protection than defendants who were never aware of their Coney rights and therefore were unable to invoke them. This reasoning is illogical and undermines the policy set forth in Coney.